JOHN T. DAVIS, Plaintiff, Appellant, *v.* CLARENCE BELL, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 5, 1924.

**Contracts — action for work, labor and services — department of buildings withheld certificate of approval for lack of ventilation — objection to work does not relate to plaintiff's contract — error to dismiss complaint.**

It is error to dismiss plaintiff's complaint, in an action for work, labor and services, where it appears that the department of buildings withheld its certificate of approval owing to a lack of facilities for ventilation in one of the rooms covered by plaintiff's contract; that there was nothing to show that the fixtures installed by the plaintiff did not comply with the contract or failed to meet the requirements of the building department; and that the objection of the building department did not relate to plaintiff's work.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, dismissing the complaint of the plaintiff with costs and on the merits.

*Robert S. Conklin,* for the appellant.

*Abraham Harris,* for the respondent.

*Per Curiam.* The complaint should not have been dismissed. Plaintiff testified that he performed certain extra work for which he is entitled to payment unless defendant can establish a defense which would show that plaintiff is not entitled to payment for this work. The violation placed upon the premises by the building department covered two items: (1) The filing of plans for work on the third floor, and (2) the lack of ventilation in the basement toilet room in which plaintiff agreed to and did install certain fixtures. This violation was filed after a request by the owner for a reinspection of the premises and about four months after this action was commenced. Plaintiff's Exhibits 4 and 5 disclose that before this action was brought, plaintiff's work had been inspected by an inspector of the bureau of buildings and " was reported by him to comply with the rules and regulations for plumbing and drainage and water supply of buildings in effect at this date."

The testimony shows that the plans referred to in the violation have been filed and approved. The second item covers provision for ventilation of the basement bathroom in which plaintiff contracted to install certain fixtures. While plaintiff contracted to do his work subject to the approval of the building department, that work is specifically and definitely set forth in his contract. The work so set forth in the contract does not include providing ventilation for the basement bathroom which, the plumbing inspector

testified, is not a plumber's work.  The building department has withheld its certificate of approval because the room in which plaintiff installed the fixtures is not now suited to the building department requirements for use as a bathroom.  Nothing appears in plaintiff's case to show that the fixtures installed by plaintiff do not comply with the contract.  Nor does it appear that these fixtures do not meet the requirements of the building department. Plaintiff did not agree to install a bathroom.  The fault which the building department finds with the bathroom does not relate to plaintiff's work, the nature of which is clearly set forth in the contract, but to lack of facility for ventilation of the room which, once provided by the owner, will remove the only apparent obstacle to approval of plaintiff's work therein.  Under the circumstances, the defendant should have been put to his proof.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, GAVEGAN and MITCHELL, **JJ.**

Judgment reversed and new trial ordered.